*In re* HOFFMAN.

1. CRIMINAL LAW—CONSTITUTIONAL RIGHTS.

One accused of crime has the right to the assistance of counsel for his defense and to have an appeal as a matter of right (Const 1963, art 1, § 20).

2. ATTORNEY AND CLIENT—APPOINTED COUNSEL FOR INDIGENT DEFENDANT—NO-MERIT DETERMINATION.

An appointed appellate attorney's no-merit determination with respect to an indigent criminal defendant's appeal is not conclusive upon a court of law, but if properly executed, it may exonerate him from future responsibility in some cases.

3. SAME—APPOINTED COUNSEL—FRIVOLOUS APPEAL.

A court assignment of counsel on appeal for an indigent defendant in a criminal prosecution requires the attorney actively to advocate in behalf of the client, but if the attorney finds the case to be wholly frivolous, he should so advise the court, and his request for permission to withdraw should be accompanied by a brief referring to anything in the record that might arguably support the appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 267; 21 Am Jur 2d, Criminal Law §§ 312, 313, 318.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 321, 322.
[4] 17 Am Jur 2d, Contempt § 25; 21 Am Jur 2d, Criminal Law §§ 321, 322.

4. CONTEMPT—ATTORNEY—REFUSAL TO REPRESENT INDIGENT.

Attorney, who refused to file a motion for a new trial or an appeal for an indigent defendant, after being ordered to do so by the trial court was properly *held*, in contempt of court, since there was a direct refusal to comply with a court order.

Appeal from Allegan; Smith (Raymond L.), J. Submitted Division 3 October 4, 1967, at Grand Rapids. (Docket No. 1,831.) Decided February 1, 1968. Leave to appeal granted April 16, 1968. See 380 Mich 766.

Leo W. Hoffman was adjudged in civil contempt of court. Defendant appeals. Affirmed.

*Ervin L. Andrews,* Prosecuting Attorney, for the people.

*Leo W. Hoffman, in propria persona.*

*Amicus Curiae:* State Bar of Michigan (*J. Cameron Hall,* of counsel).

BURNS, J. Defendant attorney appeals from a circuit court order holding him in contempt of court for failing and refusing to prepare and file an appeal in an indigent's criminal case.

Ernest B. Sandefur, with the advice of attorney John Nahan, entered a plea of guilty to the open charge of murder. The circuit court for the county of Allegan determined that Sandefur was guilty of second-degree murder and sentenced him accordingly. Upon Sandefur's request for the appointment of appellate counsel, on May 27, 1965, the court ordered Leo W. Hoffman to represent Sandefur on appeal.

The defendant carefully reviewed the record, conferred with Sandefur, concluded there were no meri-

torious grounds for appeal, and filed a report. In his report the defendant said:

"Even if there were some legal technicality, which might conceivably result in this man securing a new trial, I would not feel obligated or bound to pursue it under the circumstances."

The defendant did not ask leave to withdraw but stated, "I am, therefore, stating as a matter of record, that I cannot and will not file a motion for a new trial or an appeal for Ernest Sandefur." Thereafter, on September 29, 1965, Sandefur, acting on behalf of himself, petitioned for the appointment of substitute counsel and for a new trial. The court denied Sandefur's motion for a new trial but did, however, appoint another attorney to represent Sandefur. Substitute counsel's application for delayed appeal with the Court of Appeals and application for leave to appeal filed in the Supreme Court were denied.

The circuit judge, upon his own motion, issued an order to show cause why Hoffman should not be adjudged in contempt of court for refusing, in effect, to protect Sandefur's right of appeal and right to assistance of counsel. Const 1963, art 1, § 20. After a hearing on said order, defendant was found to be in contempt of court.

Defendant contends that his constitutional duty to provide "such reasonable assistance as may be necessary to perfect and prosecute an appeal" for an indigent does not compel him to compromise his oath of office and canons of professional ethics by filing an automatic appeal regardless of whether or not there is merit in the appeal.

While appointed counsel need not impugn his professional integrity in the defense of an indigent, we hasten to admonish that such ethical considerations should not countenance a disparity in the quality of

advocacy resulting from the contrasting economics of governmental remuneration and private retainer. An appointed appellate attorney's no-merit determination is not conclusive upon a court of law, but if properly executed, it may exonerate him from future responsibility in some cases.

In *Anders* v. *California* (1967), 386 US 738 (87 S Ct 1396, 18 L ed 2d 493), the United States Supreme Court held the California system for handling indigent appeals unconstitutional and established the following "single inflexible answer to the difficult problem of how to accord equal protection to indigent appellants in each of the 50 States"* :

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as Federal requirements are concerned, or proceed to a decision on the merits, if State law so requires. On

---

* See Justice Stewart's dissent in *Anders* v. *California*, 386 US 745, 747 (87 S Ct 1400, 1401, 18 L ed 2d 499, 500).

the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." 386 US 744 (87 S Ct 1400, 18 L ed 2d 498).

Unfortunately, the above procedure postdated defendant's course of action, and there was no Michigan law to guide him. Irrespective of the defendant's personal feelings or motives, he did not ask the court to withdraw from representing Sandefur but told the court he would not file a motion for a new trial or an appeal for Sandefur. This constituted a direct refusal to comply with a court order. The defendant was in contempt of court.

Judgment affirmed.

FITZGERALD, P. J., and HOLBROOK, J., concurred.